# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

Fulton Bank, N.A., )
)
Plaintiff, )
)
v. )   C.A. No.: N17C-12-108 SKR
)
River Rock, LLC, Key Properties )
Group, LLC, Country Life Homes, Inc., )
Elmer G. Fannin, and Mary Ann Fannin, )
)
Defendants. )

## MEMORANDUM ORDER

This 13th day of August, 2018, upon consideration of Defendants' Motion for Reargument[1], Plaintiff's Opposition to Defendants' Motion for Reargument[2], and exhibits attached thereto, it appears to the Court that:

## Procedural Background

1. On December 8, 2017, Plaintiff filed a Complaint[3] (the "Complaint") against Defendants to recover amounts allegedly due on Commercial Loan No. xxxxx67-9001 (the "Account"). Defendants filed their Answer[4] (the "Answer") on

---

[1] Trans. ID. 62279225.
[2] Trans. ID. 62283159.
[3] Trans. ID. 61449935.
[4] Trans. ID. 61520451.

January 3, 2018. On July 6, 2018, Defendants filed a Motion to Amend Answer[5] to assert several counterclaims against Plaintiff.

2. Specifically, Defendants in their proposed Counterclaim assert that, rather than the $422,588.72 that is alleged in the Complaint to be owed by River Rock, River Rock is actually owed $265,015.23 on account of overpayments of principal and interest.[6] Defendants further allege that the overpayments were caused by Plaintiff's mismanagement of the Account, including misapplying Defendants' payments to other loan accounts, not applying payments to the Account balance, and incorrectly reversing payments.[7] Defendants state that they learned of these facts as a result of an audit on the Account, completed in June 2018, conducted by their financial advisor, Gavin Solmonese LLC.[8]

3. Plaintiff filed its Opposition to Defendants' Motion to Amend Answer[9] on July 16, 2018. Among other things, Plaintiff argues that the proposed amendment should be rejected because it contains compulsory counterclaims that should have been asserted with the Answer.[10] Plaintiff contends that Defendants had prior knowledge of the alleged mismanagement of the Account yet failed to raise the counterclaims with the Answer. Thus, relying on Superior Court Civil Rules 13(a),

---

[5] Trans. ID. 62206999.
[6] Defs.' Mot. to Amend Answer ¶ 9.
[7] Defs.' Mot. to Amend Answer, Ex. 1, Am. Answer and Countercl. at 15–16.
[8] Defs.' Mot. to Amend Answer ¶ 9.
[9] Trans. ID. 62241404.
[10] Pl.'s Opp'n to Mot. to Amend Answer ¶¶ 3–4.

2

13(f), and 15 ("Rule 13(a)/13(f)/15"), Plaintiff argues that Defendants are precluded from amending their Answer to now assert compulsory counterclaims.[11]

4. The Court held a hearing on Defendants' Motion to Amend Answer on July 19, 2018. Defendants do not dispute that the proposed counterclaims are compulsory counterclaims as defined in Rule 13(a). Instead, they argue that the omission is excusable under Rule 13(f) because they only knew the alleged facts after Gavin Solmonese completed its audit in June 2018. They also argue that the amendment should be allowed under Rule 15, which mandates that leave to amend should be "freely given," and they assert that Plaintiff would not suffer any prejudice.

5. Plaintiff challenges Defendants' assertion that they did not know of the alleged mismanagement of the Account until June 2018. Specifically, at the hearing, Plaintiff referenced a February 2017 complaint, Case No. 17C-02-062 (the "062 Complaint")[12], filed by Defendants and their affiliated entities. In the 062 Complaint, Defendants alleged that "Fulton has failed to properly credit accounts with payments from CLH on the above referenced accounts and has demanded payments from CLH on accounts that have been paid off."[13] Plaintiff contends that

---

[11] *Id.*
[12] Trans. ID. 61061058.
[13] There, "CLH" refers to a group of related entities that include Defendants in the instant case, and the "above referenced accounts" include the Account at issue.

3

these allegations show that Defendants had knowledge of the alleged mismanagement of the Account as early as February 2017. The Court agreed with Plaintiff and denied Defendants' request to assert counterclaims as untimely.[14]

6. On July 26, 2018, Defendants filed this Motion for Reargument. Defendants contend that the Court, when denying their Motion to Amend Answer, overlooked controlling legal principles. Specifically, Defendants argue that the federal counterpart of Rule 13 does not contain a Rule 13(f) which directly addresses omission of compulsory counterclaims, and thus Rule 15, which deals with amendments as a general matter, should control. Defendants also argue that Plaintiff is estopped from relying on the 062 Complaint, because Plaintiff successfully moved to dismiss it for improper service and failure to state a claim.

## Legal Analysis

7. A motion for reargument "will be denied unless the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[15] A motion for reargument "is not intended to rehash the arguments already decided by the Court."[16]

---

[14] Defendants' request to amend one of their answers in the Answer was not opposed and therefore granted.
[15] *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006) (internal citation omitted).
[16] *Id.*

4

8. Defendants suggest that, because Federal Rule 13(f) has been deleted, this Court should accordingly disregard Delaware Superior Court Civil Rule 13(f) and look only to Rule 15. That position contravenes bedrock jurisprudence. This Court is required to apply the Delaware Superior Court Rules of Civil Procedure to cases before it. While Delaware courts often look to the Federal Rules of Civil Procedure and their annotations to seek guidance, they are not legally binding in this Court. This is particularly so when there is a specific Superior Court Rule on point that governs the issue before the Court.

9. Rule 13(f) provides that a pleader may, by leave of court, amend his pleading to assert a counterclaim if he failed to assert that counterclaim "through oversight, inadvertence, or excusable neglect," or "when justice requires."[17] Rule 15(a) provides that leave of court to amend a pleading "shall be freely given when justice so requires."[18] Defendants assert that the Court, in denying their Motion to Amend Answer at the hearing, erroneously adopted Plaintiff's argument that the standards under Rule 13(f) and Rule 15(a) are different. This assertion is wrong. The Court never held that Rule 13(f) and Rule 15(a) are inconsistent. In fact, the Court found that the proposed counterclaims shall not be allowed under either Rule.

---

[17] Super. Ct. Civ. R. 13(f).
[18] Super. Ct. Civ. R. 15(a).

5

10. Based on Defendants' allegations in the 062 Complaint, it is apparent to the Court that Defendants knew of Plaintiff's alleged mismanagement of the Account at least at the time they filed the 062 Complaint in February 2017. Hence, Defendants' assertion that they could not have filed the counterclaims with their Answer, because they were not made aware of the alleged mismanagement, is belied by the pleadings. Therefore, Defendants' failure to assert counterclaims simultaneously with their January 2018 Answer was not the result of "oversight, inadvertence, or excusable neglect."

11. Nor can Defendants prevail under the "when justice so requires" clauses under Rules 13(f) or 15(a). As previously discussed, the pleadings filed by Defendants in related actions involving Plaintiff demonstrate that they were in possession of facts sufficient to formulate a timely counterclaim long before they filed the Answer. Hence, Defendants' failure to file compulsory counterclaims under these circumstances can only be seen as dilatory and does not satisfy the "when justice so requires" standard of either Rule 13(f) or 15(a). Defendants may not have known the exact damages until June 2018, but they are not required by the Delaware Rules of Civil Procedure to plead the exact amount of damages to set forth a viable counterclaim.[19]

---

[19] *See* Super. Ct. Civ. R. 9(g).

12. Defendants' argument that Plaintiff is judicially estopped from relying upon Rule 13(f) is also misplaced. "Judicial estoppel acts to preclude a party from asserting a position inconsistent with a position previously taken in the same or earlier legal proceeding."[20] In its effort to dismiss the 062 Complaint, Plaintiff highlighted Defendants' failure to plead the elements of their claims for relief. In this proceeding, however, Plaintiff argues that Defendants knew of the claims but failed to assert them with the Answer as required under Rule 13. These are not inconsistent positions.

## Conclusion

13. Rule 13(f) and Rule 15 are the applicable legal authority when this Court decides whether to allow an amendment to assert compulsory counterclaims. Defendants had prior knowledge of and should have asserted the proposed counterclaims with the Answer, but they failed to do so. The Court did not overlook controlling precedents or legal principles, or misapprehend the law or facts, in its decision denying Defendants' Motion to Amend Answer.

Therefore, Defendants' Motion for Reargument is **DENIED**.

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

---

[20] *Motorola Inc. v. Amkor Tech., Inc.*, 958 A.2d 852, 859 (Del. 2008).